UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN RICHARD OTT,  6:14-CV-1619-TC

        Plaintiff,

v.  FINDINGS AND RECOMMENDATION

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

COFFIN, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income.

As discussed below, the Commissioner's decision should be reversed and remanded for an award of benefits

### Discussion

Mr. Ott's Testimony And Its Improper Rejection by the ALJ

Mr. Ott testified that his ability to walk and stand is limited by pain, and he changes position frequently so the pain will not start. Mr. Ott testified that he will lie down during the day to relieve

Page 1 - FINDINGS AND RECOMMENDATION

back pain, three or four times a day, for half an hour to 45 minutes at a time. When he is having a bad day, two or three times a week, his activities are limited and on those days he takes pain medications, uses heat and ice, lies down and changes position several times a day. Mr. Ott also testified that he has headaches about 15 or 20 times a month for most of the day, and these require him to lie down. As discussed below, the ALJ erred in failing to credit plaintiff's testimony.

The first reason the ALJ gave for rejecting plaintiff's testimony and doubting his credibility was that he received unemployment benefits. The Commissioner expressly declined to defend this reason, but argues that the other reasons given by the ALJ meet the clear and convincing reason standard for rejecting a claimant's credibility. This court disagrees and finds that, in the circumstances of this particular case, the reasons given by the ALJ to reject plaintiff's testimony fail to even meet a lesser standard than the clear and convincing standard.

As to the ALJ's other reasons for rejecting plaintiff's allegations, the Commissioner first argues that the ALJ properly found that Mr. Ott's daily activities were inconsistent with his reported symptoms. The Commissioner argues that Mr. Ott claimed he was severely limited due to pain, yet reported walking one to two miles daily; worked part-time doing maintenance for a rental unit; worked game-day security for a few college football games; got out of his house daily for errands and shopping; enjoyed occasional hunting, fishing, and camping; and cared for his Mother's and Aunt's yards. The Commissioner argues that the ALJ properly noted that Mr. Ott went for a long drive, lifted a cooler, and worked on his car.

As plaintiff note in his opening brief, he used to walk daily for pain, but noticed that it bothered his back, so recently he changed his exercise to wading in a swimming pool to avoid putting a strain on his back. Tr. 45, 52. At the hearing, he testified that he can walk half a mile

Page 2 - FINDINGS AND RECOMMENDATION

before needing to sit down and rest and can stand for 40 or 45 minutes. Tr. 46. However, if he stood for 45 minutes, and then took a break and moved around or sat down for a while, it would be "pretty hard" to stand for another 45 minutes. Tr. 51. Once the pain sets in it is hard to return to what he had been doing. Tr. 51. Normally, he just spends a few minutes at a time on his feet before changing position so the pain won't get started. Tr. 51. If he walked half a mile and then rested, he might be able to walk another half mile. Tr. 51.

Mr. Ott reported working part time in maintenance at a rental unit in June of 2010. Tr. 427. However, at that time he reported "fairly significant pain," and a "significant amount of spasm" with an increase in his headaches. Id. Dr. Ferguson noted "fairly marked muscle spasm" on the right and limited forward bending in the spine with "marked flattening" of both thoracic and lumbar spines. Id. At the next visit he continued to have marked muscle spasm and significant decreased range of motion. Tr. 428. In July, 2010, Mr. Ott reported that he was looking for work, and no further mention is made of the work at the rental unit. Tr. 430.

Regarding Mr. Ott's work on short, temporary security jobs for football games, the standing bothered his back for two or three days afterwards. Tr. 44, 452. This was not work that he was able to sustain.

Similarly, Mr. Ott experienced an exacerbation of back pain after riding in a car and lifting a cooler, indicating that these activities were beyond his capacity. Tr. 461, 568.

As to hunting and fishing, Mr. Ott testified that he goes hunting twice a year and fishes once or twice a year. Tr. 49. He told non-treating Dr. Zhou in May of 2011 that he was able to do these activities, but at a slower pace and less aggressively. Tr. 205. Walking on an incline during hunting season caused intermittent weakness in his right leg. Tr. 611. In his Functional Report

Page 3 - FINDINGS AND RECOMMENDATION

dated March of 2011, Mr. Ott wrote that he goes hunting, fishing, bowling, or camping "seldom" as they cause him constant pain and he cannot enjoy them. Tr. 165, 168.

Finally, Mr. Ott testified that he mows his aunt's and grandmother's yards, but they are "tiny." Tr. 47. He cannot do this work when he is having a bad day. Tr. 53.

Next, the Commissioner argues that the ALJ did not err in discounting Mr. Ott's testimony because he worked at times during the relevant period and looked for work during this period. The fact that Mr. Ott continually tried to return to work, and failed because of debilitating pain, is to his credit, and not a basis for rejecting his testimony. Tr. 334, 343, 345, 352-353, 346, 388, 401, 404, 408, 413-415, 418, 429; See Lingenfelter v. Astrue, 504 F.3d 1028, 1037-38 (9th Cir. 2007): Lewis v.Apfel 236 F.3d 503, 516 (9th Cir. 2001) ; Cox v. Califano, 642 F.2d 188, 192 (6th Cir. 1981) .

Next, the Commissioner argues that the ALJ did not err in finding that the medical evidence did not support the severity of plaintiff's alleged symptoms or limitations. She argues that minimal findings can undermine a claimant's credibility, specifically noting that VA records failed to show physical findings to support opioid therapy, that plaintiff did not demonstrate radicular symptoms, and the records did not demonstrate disc herniation.

As plaintiff noted in his opening brief, he ruptured a disc when he was first injured and then had a laminectomy, followed by another laminectomy at a different level a year later. He does not claim to have a ruptured disc currently. However, he does have a verified gait abnormality, caused by his old knee injury, which has changed the way he walks and carries himself, causing a great deal of muscle spasm in his back, according to his treating doctor and the treating physician's assistant. Tr. 441. The record also shows marked muscle spasm and

Page 4 - FINDINGS AND RECOMMENDATION

degenerative disc disease, as well as degenerative joint disease in both knees.

The Commissioner argues that Dr. Ferguson opined in 2012 that Mr. Ott was disabled by back pain secondary to a herniated disc. Tr. 502. Dr. Ferguson wrote that his diagnoses were "chronic back pain secondary to herniated disc and subsequent surgery on the lumbar spine." Tr. 502. This indicates that Mr. Ott had a herniated disc that required surgery, and that he nonetheless continues to have, as the doctor noted "marked low back pain requiring narcotics, marked spasm and decreased range of motion [in the] low back." Tr. 502.

The Commissioner failed to give clear and convincing reasons for rejecting plaintiff's testimony. Plaintiff should be fully credited "as a matter of law." Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir.2004).

Treating Physician Dr. Ferguson's Opinion And Its Improper Rejection by the ALJ

The Commissioner argues that the ALJ did not err in rejecting Dr. Ferguson's opinion because it was "vastly inconsistent with his own treatment records." Defendant's Brief at 9. She argues that in June 2010, Dr. Ferguson released Mr. Ott to work with no restrictions, and in early 2007 described Plaintiff as having only "waxing and waning" back symptoms depending on his work activity. Id. She argues that this is inconsistent with the Doctor's 2012 medical source statement assessing Mr. Ott with permanent and disabling back limitations "for at least the last 2 years." Id.

However, the 2007 statement predates Plaintiff's alleged disability onset of December, 2009. In December, 2009, Mr. Ott had to operate heavy equipment, causing his back condition to flare up. Tr. 415. Dr. Ferguson noted that he appeared very uncomfortable with marked paraspinous

Page 5 - FINDINGS AND RECOMMENDATION

muscle spasms bilaterally and decreased range of motion, and administered a trigger point injection. Id. The doctor's subsequent records continue to note "marked," or "significant" muscle spasms and decreased or limited range of motion. Tr. 389, 402, 404, 429-432, 435-440, 442-445, 449, 452, 454-459, 461. In addition, as to Dr. Ferguson's note in June of 2010 releasing Mr. Ott to work with no restriction, Dr. Ferguson clarified in 2012 that the release to regular work was an error caused by the electronic health record from the time of an earlier work injury claim closure and that Mr. Ott had been unable to work for at least last two years. Tr. 505. The Commissioner does not address this clarification that was in plaintiff's opening brief.

Next, the Commissioner states that plaintiff's argument that Dr. Ferguson observed "significant" muscle spasms and limited range of motion was a "selective citation of the record." Defendant's Brief at 9. On the contrary, Dr. Ferguson noted these signs on numerous occasions. Tr. 389, 402, 404, 429-432, 435-440, 442-445, 449, 452, 454-459, 461.

Next, the Commissioner argues that while Mr. Ott claimed that his medications cause him to feel light-headed, groggy, and tired, and Dr. Ferguson noted that the medications caused sedation and fatigue, the records themselves indicate no significant side effects. Plaintiff does acknowledge that the records generally state that he was having no side effects, although it was noted that he had stomach upset from Vicodin and had to discontinue taking Tramadol because of side effects. Tr. 448. Plaintiff theorizes that the discrepancy may exist because sedation is an accepted and routine effect of narcotics. Whatever the reason for the discrepancy, this is a basis for rejecting only Dr. Ferguson's opinion as to side effects, and does not affect the other portions of his opinion int eh circumstances of this case..

Finally, the Commissioner argues plaintiff does not challenge the ALJ's other reasons for

Page 6 - FINDINGS AND RECOMMENDATION

discounting Dr. Ferguson's medical source statement, including that it was inconsistent with the record as a whole, the findings of VA practitioners, plaintiff's appearance at the hearing, and his reported activity level. Defendant's Brief at 10. However, plaintiff challenged and addressed the consistency of Dr. Ferguson's opinion with the record as a whole and questions regarding his activity level. See Plaintiff's Brief at 14-17. And no VA practitioner has offered an opinion regarding Mr. Ott's functional limitations and thus does not contradict Dr. Ferguson's opinion.

## This Case should Be Reversed For Payment of Benefits Rather Than Remanded For Further Proceedings

Dr. Ferguson's opinion should be credited   His opinion compels a finding that 1) Mr. Ott's need to lie down during the day and his absences from work would preclude competitive employment, and 2) that Mr. Ott is limited to performing no more than sedentary work. Tr. 56-57, 504. Mr. Ott has shown that he is unable to sustain competitive work, and the Commissioner failed to meet her burden of proving that he retains the ability to perform "other work" in the national economy during the relevant adjudicatory period.

In addition, as plaintiff is limited to sedentary work, he must be found disabled under Medical-Vocational Rule 201.2 as of his 50th birthday. See Plaintiff's Opening Brief at 18.

The court has discretion to remand for immediate payment of benefits. Treichler v. Commr. of Soc. Sec. Admin., 775 F.3d 1090, 1099-1100 (9th Cir. 2014). Ninth Circuit case law "strikes a balance" between the ordinary remand rule and "the additional flexibility provided by § 405(g)," that provides for remand for benefits award where further administrative proceedings would serve no useful purpose and the record has been fully developed. Id. at 1100 (emphasis added).

Page 7 - FINDINGS AND RECOMMENDATION

See Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014) ("The Social Security Act, however, makes clear that courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with or without remanding the cause for a rehearing.' 42 U.S.C. § 405(g) (emphasis added). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. Id. at 1100.

This case meets the criteria set out in Garrison. It is undisputed that Mr. Ott has made his prima facie case by meeting his burden at steps one through four of the sequential analysis. See Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir.1999) (holding that the claimant bears the burden of proof at steps one through four). The Commissioner, however, has failed to meet her burden showing at step five that Mr. Ott can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience". When the Commissioner fails to meet this burden, the claimant is disabled and may be entitled to benefits. 20 C.F.R. § 404.1520(g); Tackett, 180 F.3d at 1099.

The Commissioner asks the Court to remand for further proceedings under the Treichler case. On the facts, Treichler is distinguishable. In that case, the ALJ's credibility determination was expressed by way of a "boilerplate statement" with no specific reasons for failing to credit the claimant. 775 F.3d at 1102-1103. The court found this was insufficient, but remanded for further proceedings due to "significant factual conflicts in the record between Treichler's testimony and objective medical evidence." Id. at 1104. In this case, in contrast, the ALJ did address Plaintiff's credibility and Dr. Ferguson's opinion, but failed to show legally sufficient

Page 8 - FINDINGS AND RECOMMENDATION

reasons for failing to credit either one.

The Commissioner also fails to give any specific reason justifying further proceedings. As the Garrison court found, Ninth Circuit precedent and the objectives of the credit-as-true rule "foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand 'for a useful purpose' under the first part of the credit-as-true analysis." 759 F. 3d at 1021-1022 (citations omitted). No outstanding issues must be resolved on remand.

## Conclusion

Based on the foregoing, the Commissioner's decision should be reversed and remanded for an award of benefits pursuant to sentence four of 42 U.S.C. § 405 (g).

DATED this 8 day of January, 2016.

THOMAS M. COFFIN
United States Magistrate Judge