IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN RICHARD OTT,

        Plaintiff,

vs.

CAROLYN COLVIN, Acting
Commissioner of Social Security,

        Defendant.

No. 6:14-cv-01619-AA
O R D E R

Kathryn Tassinari
Brent Wells
Harder, Wells, Baron & Panning, PC
474 Willamette, Ste. 200
Eugene, OR 97401
        Attorneys for Plaintiff

Janice E. Hébert
Assistant United States Attorney
1000 SW Third Ave., Ste. 600
Portland, OR 97201

Kathryn A. Miller
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Ste. 2900 M/S 221A
Seattle, WA 98104
        Attorneys for defendants

Page 1 - ORDER

AIKEN, Judge:

In this Social Security disability case, Magistrate Judge Coffin filed his Findings and Recommendation (F&R) on January 8, 2016. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(3). When a party objections to any portion of the Magistrate's F&R, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Machs.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Defendant Carolyn Colvin, Acting Commissioner of Social Security, denied plaintiff John Ott's application for benefits. Judge Coffin recommended reversing and remanding for an immediate award of benefits. Defendant filed Objections to the F&R (doc. 25), and plaintiff filed a Response (doc. 26). In light of the broad scope of defendant's assertions of error, I have given the entire file of this case a *de novo* review.

Defendants first argue Judge Coffin failed to provide legal analysis or identify errors in the ALJ's decision, except with regard to one credibility factor.[1] This objection is focused on the form of the F&R rather than the substance. For example, defendant asserts Judge Coffin "merely repeated verbatim the various arguments raised by the parties" and used "long passages directly borrowed from [p]laintiff's brief, with no review or analysis of the issues." Def.'s Obj. F&R 3. Contrary to defendant's suggestion, a judge's reliance on arguments and authority raised by the parties is not evidence the court failed to conduct meaningful review of the issues. *See In re Benny*, 81 F.3d 91,

---

[1] Defendant does not specify which credibility factor she considers to be sufficiently rejected. The Court presumes defendant is referring to the ALJ's reliance on plaintiff's receipt of unemployment benefits, which defendant concedes is not a sufficient reason to discredit a claimant's testimony.

93-94 (9th Cir. 1996) (amici's "legal representation won the case" because "[t]he final decision . . . was, verbatim, the amicus brief").

Moreover, after careful review, I conclude the reasoning and conclusions of the F&R are adequately explained and substantively correct. For example, Judge Coffin spent eight paragraphs discussing plaintiff's subjective symptom testimony, statements about his activities of daily living, and failed attempts to work after the disability onset date. Those paragraphs are clearly structured to show there is no inconsistency between plaintiff's symptom testimony and his activity level. Similarly, the F&R addresses the ALJ's rejection of treating physician Dr. Ferguson's opinion regarding plaintiff's limitations as inconsistent with two of Dr. Ferguson's own treatment records. As the F&R explains, one of the allegedly inconsistent records predates the disability onset date and Dr. Ferguson corrected the other allegedly inconsistent record as erroneous. There is nothing ambiguous or unexplained about Judge Coffin's analysis. This Court will not remand for "clarification" when there is only one fair reading of the F&R.

Second, defendant asserts remand is necessary because Judge Coffin did not conduct a harmless error review. Although it is true the F&R does not expressly address the harmless error standard, the F&R explains why Dr. Ferguson's opinion, if credited as true, would compel a finding of disability. A review of the record demonstrates the same is true of plaintiff's symptom testimony. *See* AR 56-57 (vocational expert at plaintiff's hearing testifying absenteeism at levels consistent with plaintiff's testimony would preclude employment). Accordingly, any error in failing to explicitly address the harmless error standard was itself harmless. *Cf. Sanders v. Woodford*, 373 F.3d 1054, 1060 (9th Cir. 2004) ("[W]e apply a second level of harmless-error review in order to determine whether the state court's failure to conduct the constitutionally mandated review was itself

Page 3 - ORDER

harmless."), *rev'd on other grounds*, *Brown v. Sanders*, 546 U.S. 212 (2006).

Third, defendant challenges Judge Coffin's recommendation to remand for an immediate calculation of benefits. Judge Coffin set out the appropriate standards regarding whether to remand for further proceedings or remand for an award of benefits, found further proceedings would serve no useful purpose in this case, and determined a finding of disability would be compelled if the improperly discredited evidence were credited as true. His recommendation regarding remedy is consistent with Ninth Circuit precedent. Contrary to defendant's assertion, there is no evidence Judge Coffin decided to remand for payment of benefits as a way to "punish" the agency. Def.'s Obj. F&R 6.

I ADOPT Judge Coffin's F&R (doc. 23). The Commissioner's decision is REVERSED and REMANDED for an immediate calculation of benefits.

IT IS SO ORDERED.

Dated this 17th day of March 2016.

                                                                  Ann Aiken
                                          United States District Judge